[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs The Careplex Group, Inc. and B G Associates, a partnership, bring this action seeking a declaratory judgment reversing the decision of the defendant department of social services. In the disputed decision, the department affirmed the validity of a certificate of need issued to defendant HMC Retirement Properties, Inc. allowing HMC to construct a nursing CT Page 168-T home. The plaintiffs bring the action pursuant to General Statutes § 4-175. Presently before the court are the defendants' motions to dismiss the complaint. The court finds the issues in favor of the defendants.
The facts essential to the court's decision are not in dispute. In September 1991, the commission on hospitals and health care issued to defendant HMC a certificate of need to construct a nursing home that would provide sixty chronic and convalescent nursing home beds and forty-one home for the aged beds For reasons not relevant to the decision on these motions, HMC's construction project was delayed. In 1993, while the project was still on the drawing board, the legislature enacted Public Act 93-262, terminating all certificates of need with certain exceptions. One of these was for a certificate holder who notified the commission of its intention to commence use of the new nursing home for a "continuing care facility which guarantees life care for its residents (a CCF)." The next year, in Public Act 94-236, the legislature extended the time limits for notification to the commission and for filing documentation of final plans to September 30, 1994. The same year, the legislature enacted legislation transferring oversight of the nursing home industry from the commission to the defendant department.
Between June 25, 1993 and August 4, 1995, defendant HMC and CT Page 168-U the commission/department conducted extensive meetings and correspondence during which HMC endeavored to convince the department that HMC's certificate of need should remain valid as a CCF exception to the moratorium imposed by Public Acts 93-262 and 94-236
On August 4, 1995, HMC and the department entered into an agreement providing for the continuing validity of HMC's certificate of need to construct the nursing home in accordance with specifications spelled out in the agreement.
In the complaint in this action, plaintiff Careplex describes itself as the manager of a "retirement community" in Stamford and the developer of "a number of proposed retirement communities in the Fairfield County, Connecticut region." Plaintiff B G Associates describes itself as the owner of the "retirement community" in Stamford. The complaint also alleges that the plaintiffs are "holders of CONs (certificates of need) in the marketplace." Generally speaking, the plaintiffs characterize themselves as competitors or, perhaps, would-be competitors of HMC. During the course of the negotiations between defendant HMC and the department, the plaintiffs were also in contact with the department objecting to the continuation of HMC's certificate and attempting to obtain status as a party to the proceeding. The department rejected those overtures. CT Page 168-V
Following the decision by the department to validate HMC's certificate of need to construct the nursing home, the plaintiffs petitioned the department, pursuant to General Statutes §4-176, for a declaratory ruling that such certificate had been terminated by the 1993 legislation. The department declined to issue the requested ruling on the ground that it had already ruled on the subject to the contrary, as evidenced by its agreement with HMC. The plaintiffs thereupon instituted this action pursuant to § 4-175.
The defendant department and HMC move to dismiss the complaint on the basis that the plaintiffs are not legally aggrieved by the department's decision and thus lack standing to bring the action.
The same criteria for aggrievement and consequent standing apply to a plaintiff bringing an action for a declaratory judgment against an administrative agency under § 4-175 as apply to a plaintiff appealing an agency's decision under §4-183. Connecticut Business Industry Association Inc. v.Commission on Hospitals and Health Care, 218 Conn. 335, 343-346
(1991)
"The fundamental test for determining aggrievement CT Page 168-W encompasses a well settled two fold determination: first, he party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision. . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interested . . . has been adversely affected." (Citations and internal quotation marks omitted). Light Rigging Co. v. Dept. of Public Utility Control,219 Conn. 168, 173 (1991)
As noted, the primary thrust of the plaintiffs' claims in this case is that they are present or potential competitors of HMC and that the department's decision is potentially harmful to business interests. In a series of cases, our Supreme Court has considered the claim of aggrievement based on the adverse effect that the granting of a license or franchise to a competitor might have on the claimant's business. The law on the subject has evolved, becoming more precise and focused in those cases, culminating in the court's decision in United Cable TelevisionServices Corp. v. Department of Public Utility Control, 235 Conn. 334
(1995). CT Page 168-X
In United Cable Television Services Corp. v. DPUC, supra235 Conn. 334, the defendant applicant obtained a certificate of public convenience and necessity from the DPUC to operate a television cable service in an area where the plaintiff had been the sole possessor of such a certificate On the issue of aggrievement, the court referred specifically to the LightRigging case and stated, "Thus, in considering whether a plaintiff s interest has been injuriously affected by the granting of a certificate of public convenience and necessity, we have looked to whether the injury he complains of . . . falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for [its] complaint." (Citations and internal quotation marks omitted.) United Cable v. DPUC, supra, 235 Conn. 344-345. The court went on to find that the plaintiff was aggrieved with respect to only one of its claims under § 16-331, that being the claim that the agency's decision violated subsection (i) of the statute because it "requires the department specifically to take into account the existing franchise holder's interests when determining the terms and conditions under which a new franchise will be created" Id., 235 Conn. 354. The court held, however, that since the other subsections did not require the agency specifically to consider the interests of existing franchise holders, the plaintiff could not establish aggrievement as to CT Page 168-Y them. Id., 353.
Applying the principles summarized above to the facts of the present case, the court concludes that the plaintiffs have not demonstrated that they are legally aggrieved by the department's decision that the certificate of need granted to HMC in 1991 is exempt from the moratorium imposed by Public Acts 93-262 and 94-236.
The first prong of the aggrievement rule requires the plaintiff to establish "a specific personal and legal interest in the subject matter of the decision." Light Rigging Co. v. DPUC,
supra, 219 Conn. 173 A plaintiff may satisfy this first prong by showing that it owns a license or permit to do the same kind of business that is authorized by the license issued to the competitor. Id., 173. The plaintiffs in the present case could prevail on the first prong, therefore, by showing that they already own a nursing home that provides the same services authorized by HMC's certificate of need or they could prevail on this prong by showing that they own a valid certificate of need to construct such a nursing home. But the allegations of the complaint and the assertions in the plaintiffs' brief to the court fall far short of any such showing. There is no claim, much less any evidence, that these plaintiffs own a "continuing care facility which guarantees life care for its residents" or that they own a certificate of need that is subject to the provisions CT Page 168-Z of Public Acts 93-262 and 94-236. In short, the plaintiffs are not competitors of HMC. They have no greater, more personal interest in the subject matter of the department's decision than does any other member of the business community The plaintiffs have not, therefore, satisfied the first prong of the aggrievement test and consequently lack standing to bring this action.
Even if the allegations and assertions of the plaintiffs could be stretched to establish that they have an interest in the subject matter of the department's decision, they cannot demonstrate that this interest "falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for (their) complaint" UnitedCable v. DPUC, supra, 235 Conn. 345. The statutory provisions in question here are contained in the two public acts cited above, most specifically section 3 of Public Act 94-236, now codified as General Statutes § 17b-354 (h). There is nothing in either of these acts, however, that is intended to protect the interests of competing holders of certificates of need to construct nursing homes. For that reason, the plaintiffs cannot establish that any of their legally cognizable interests have been adversely affected by the department's decision. They cannot, therefore, satisfy the second prong of the aggrievement test. CT Page 168-AA
For all of the above reasons, the defendants' motions to dismiss the complaint are granted.
MALONEY, J.